# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ODERMATH (USA) INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| CLASSIC STEEL, INC. | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

## COMPLAINT

Odermath (USA) Inc. ("Odermath USA") states as follows as its Complaint against Classic Steel, Inc. ("Classic Steel"):

## PARTIES

1. Odermath USA is a corporation organized and existing under the laws of Delaware with its principal place of business in Naperville, Illinois. Odermath USA is therefore a citizen of the states of Delaware and Illinois. Odermath is part of a 150 year old company that serves the iron and steelwork foundries and, in part, produces cored wire for resale to its customers.

2. Classic Steel, Inc. ("Classic Steel") is a corporation organized and existing under the laws of the state of Indiana with its principal place of business located in Carmel, Indiana. Upon information and belief, Classic Steel is a company that trades steel products for use in manufacturing.

**JURISDICTION and VENUE**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding the jurisdictional minimum of $75,000.

4.      Venue is proper in this Judicial District because a substantial portion of the events giving rise to this lawsuit occurred here such as products being shipped into this Judicial District and because Defendant breached its contractual obligations within this Judicial District.

**ALLEGATIONS**

5.      On or about November 23, 2007, Odermath USA and Classic Steel entered into the Purchase Order attached as Exhibit A.  (hereafter, the "Steel Contract")

6.      The Steel Contract required Classic Steel to deliver to Odermath USA 600,000 pounds (300 Net Tons) of "Cold Rolled Strip Steel" (hereafter, the "Steel") as described on the Steel Contract at the price of $39.50/CWT which is equivalent to .39 ½ cents per pound.

7.      The Steel Contract further provided that the Steel would conform to the "same mechanical and surface properties" as a trial sample that Classic Steel had provided to Odermath USA on or about October 11, 2007.

8.      Of the 600,000 pounds of Steel ordered by Plaintiff, only 78,922 pounds was in compliance with the Steel Contract.  Odermath has paid for these 78,922 pounds.

9.      Of the remaining 521,078 pounds of Steel required to be delivered under the Steel Contract, 70,307 pounds of Steel was promptly rejected by Odermath USA as non-conforming goods.  Specifically, the 70,307 did not comply with the Steel Contract's specifications relating to its surface properties.  As a result, it was unusable by Odermath USA in the production of cored wire for resale to customers.

10. Classic Steel has refused to ship any more Steel to Odermath, despite repeated demands by Odermath USA for the Steel.

11. Classic Steel is contractually obligated to provide an additional 521,078 pounds of Steel to Odermath USA.

12. The market price of Steel has more than doubled since the parties agreed to the Steel Contract.

13. Upon information and belief, Classic Steel found buyers who were willing to pay more than 39.5 cents per pound for the Steel and has elected to sell the Steel to those other buyers to make more money.

14. As a result of Classic Steel's refusal to provide Odermath with the Steel, Odermath was forced to find new steel material and has paid hundreds of thousands of dollars more for it.

**BREACH OF CONTRACT/BREACH OF WARRANTY**

15. The Steel Contract is a legally binding and enforceable contract.

16. Classic Steel warranted that the Steel would have the same surface properties as that Steel provided to Odermath USA in a sample on October 11, 2008. In so warranting and promising, Classic Steel made both a promise and an affirmation of fact relating to the Steel which was the basis for the parties' agreement.

17. It is commonly known in the steel making industry that compliant surface properties is critical to allow alloy to adhere to the surface, which is a necessary step in the steel fabricating process for cored wire for resale.

3

18. At the time Odermath USA and Classic Steel entered into the Steel Contract, Classic Steel understood that Odermath USA intended to use the Steel in the production of cored wire for resale to Odermath USA customers.

19. Odermath USA has performed all of its requirements under the Steel Contract.

20. Classic Steel breached its warranty and the Steel Contract by, *inter alia*, failing to provide Odermath USA with the Steel required by the Steel Contract and by providing non-conforming Steel.

21. As a result, Odermath USA has been damaged.

WHEREFORE, Odermath USA prays for judgment in its favor and against Classic Steel and for an award of all damages to which it is entitled by law.

**JURY DEMAND**

Defendant Odermath (USA), Inc. hereby demands a trial by jury on all issues triable to a jury.

July 10, 2008                                  Respectfully submitted,

                                               Odermath (USA) Inc.,

                                               By: __/s/ David Fish___
                                                   One of its attorneys

David J. Fish
THE FISH LAW FIRM, P.C.
1770 North Park Street, Suite 200
Naperville, Illinois 60563
(630) 355-7590

Case 4:08-cv-09997 Document 288 Filed 07/15/2008 Page 4 of 4

4

**(Document Entered In Error)**